### Case No. 4,507.

EQUITABLE SAFETY INS. CO. v. DUNHAM.

[See Case No. 10,155, note.]

### Case No. 4,508.

EQUITABLE TRUST CO. v. SELDON.[1]

Circuit Court, D. Connecticut.[2]

SHIPMAN, District Judge. This cause was tried by the court, a jury having been waived by written stipulation of the parties. The counsel of the respective parties, having been thereunto duly authorized, agreed that the statement of facts, which is signed by them, and which is made a part of the record, is true. The court, upon the hearing and trial of said cause, also finds that said agreed statement contains the facts and all the facts which are proved in the cause, and is true,

[1] [Not previously reported. Date of decision not given.]

[2] [Affirmed in 94 U. S. 419.]

and said statement is hereby incorporated into and made a part of this finding. The conclusion of law upon the foregoing and agreed facts is that the plaintiff corporation was not a bank or a banker under the provisions of the 79th section of the act of June 30, 1864 (13 Stat. 251), as amended by the 9th section of the act of July 13, 1866 (14 Stat. 115), at the time when said tax was paid to the defendant, and said suit was brought, and that said tax was improperly exacted.

Section 3407 of the Revised Statutes of the United States is a transcript of that portion of the 79th section of the act of June 30, 1864, as amended, which contains the definition of a bank or a banker, and is as follows: "Every incorporated or other bank, and every person, firm or company having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid or remitted upon draft, check, or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange, or promissory notes, or where stocks, bonds, bullion, bills of exchange, or promissory notes are received for discount or for sale, shall be regarded as a bank or as a banker." Although said corporation is empowered by its charter to receive money upon deposit, it is expressly found that it does not collect, nor has it ever collected or received, any deposit of money subject to be paid or remitted upon draft, check, or order. It does not receive or open credits by the deposit or collection of money or currency. The plaintiff's sole business consists in the loaning or investment of its capital upon mortgages of real estate, and in the sale of the mortgage securities which are the evidence of such loans, the corporation also guarantying to the purchaser the payment of such securities. The defendant, conceding that the plaintiff corporation is not included within the first clause of the section just cited, strenuously contends that it is a bank or a banker within the second and third branches of the definition contained in the act. In my opinion, by the clause, "where money is advanced or loaned on stocks, bonds, bullion, bills of exchange or promissory notes," is meant, the loan of money upon the pledge, hypothecation or mortgage of the personal property therein mentioned, as a collateral security for the repayment of the amount loaned, and that the loaning of money, where the loans are evidenced merely by the note of the borrower, without security, is not intended to be embraced in this part of the definition. The business of the plaintiff is the loan of money upon mortgages of real estate, and no money is loaned upon bonds or any personal security. A bond is given to the lender as an evidence of the sum loaned and of the borrower's promise to repay it; the money is loaned not upon the bond, but exclusively on or upon the mortgage of real estate. The

buisness which is referred to in this clause is that portion of the ordinary and well known business of a banker, which consists in the advancing or loaning of money upon the pledge or mortgage of stocks and of that large class of securities commonly styled bonds, usually of the government, or of different states, or of municipal or other corporations, and upon the pledge of other personal property. Bankers do not usually or ordinarily engage in the business of loaning upon real estate, and when a person, who does not receive money upon deposit, confines himself to loaning his capital upon real estate mortgages of a character more or less permanent, he is not a banker, within the common acceptation of the term, nor does he, in respect to that department of his business, come within the definition of a banker which has been given by congress. Neither does the plaintiff receive stocks, bonds or promissory notes for discount or sale, within the meaning of the third clause of the section. A banker or a broker who receives for discount or sale, bonds, notes or stocks, receives not his own property, but the property of his customers. This part of his business consists either in discounting the notes or bills of exchange offered to him by others, or in receiving their stocks, bonds, bullion or commercial paper and selling the same upon commission or otherwise. The loaning of money secured by bond and mortgage is not the discount of notes referred to in the statute, and when a capitalist sells his own stocks or bonds exclusively, he cannot be said to receive stocks or bonds for discount or sale. A commission merchant receives the property of others for sale, but a merchant who sells only his own merchandise cannot justly be said to receive property for sale. Such language is naturally and ordinarily understood to apply solely to those dealers, who act as agents in the sale of property belonging to their principals, and not to that class of merchants who buy and sell simply upon their own account.

The second and fourth rules for the interpretation of statutes which are laid down in U. S. v. Isham. 17 Wall. [84 U. S.] 504, seem to me to be of importance in determining the construction which should be given to the section now under consideration. The court say, "The words of the statute are to be taken in the sense in which they will be understood by that public in which they are to take effect," and, "if there is a doubt as to the liability of an instrument for taxation, the construction is in favor of the exemption, because, in the language of Pollock, C. B., in Gurr v. Scudds [11 Exch. 191], 'a tax cannot be imposed without clear and express words. or that purpose.'" Guided by these rules, I am of opinion that the construction which the defendant has given to the statute ought not to prevail. Let judgment be entered for the plaintiff for $1,354.38 and interest from Aug. 30, 1873.